IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–00993–REB–KMT

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

DAVID D. RITZ,

    Defendant.

---

### RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

**Kathleen M. Tafoya, United States Magistrate Judge**

This case comes before the court on Plaintiff People of the State of Colorado's "Motion to Remand" (Doc. No. 14) filed June 16, 2008. Defendant David Donald Ritz has filed *pro se* a Notice of Removal. (Doc. No. 1.) Mr. Ritz is removing to this court Case Number 07M17458 from the Denver City and County Court. The court must construe the notice and amended notice liberally because Mr. Ritz is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F .2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, this court recommends that this case be remanded summarily to the state court.

Mr. Ritz seeks to remove this criminal action to this court pursuant to 28 U.S.C. §§ 1337, 1441 and 1446. (Doc. 1, Attach. 3.) He states he was arrested on a warrant issued at the request of the Attorney General's office on behalf of the State of Colorado Department of Revenue for non-filing of Colorado income tax. (Doc 1 at 1, ¶ 1.) He appears to allege that the state court

criminal prosecution violates his federal constitutional rights. (*Id.* ¶ 2.) However, § 1337 merely provides the court with jurisdiction of any civil action arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies; § 1441 merely is the general removal section; and § 1446 merely provides the procedures that are applicable in removal actions.

Section 1441(a) permits the removal of "civil actions brought in a State court" and does not contain a jurisdictional grant as to "criminal actions." *Oklahoma v. Stinson*, No. CIV-07–658–M, 2007 WL 1746737, at *1 (W. Dist. Okla. June 15, 2007). "Thus, if this state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443." *Id.*

*1.     Removal Under § 1442*

Section 1442 allows a civil action or criminal prosecution commenced in a state court against any of the following to be removed by them to the United States District Court:

> (1)     The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
> (2)     A property holder whose title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States.
> (3)     Any officer of the courts of the United States, for any act under color of office or in the performance of his duties;
> (4)     Any officer of either House of Congress, for any act in the discharge of his official duty under an order of such House.

§ 1442(a). Mr. Ritz has failed to allege that his case qualifies for removal under § 1442, and removal under this section is inappropriate.

2.  *Removal Under § 1442a*

    Section 1442a provides:

    A civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States on account of an act done under color of his office or status, or in respect to which he claims any right, title, or authority under a law of the United States respecting the armed forces thereof, or under the law of war, may at any time before the trial or final hearing thereof be removed for trial into the district court of the United States for the district where it is pending in the manner prescribed by law, and it shall thereupon be entered on the docket of the district court, which shall proceed as if the cause had been originally commenced therein and shall have full power to hear and determine the cause.

28 U.S.C. § 1442a. Again, Mr. Ritz has failed to allege that his case qualifies for removal under § 1442a, and removal under this section is inappropriate.

3.  *Removal Under § 1443*

    Section 1443 provides:

    Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
    (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

    The two requirements for removal under § 1443(1) are narrow and well-defined. *See*

*Davis v. Glanton*, 107 F.3d 1044, 1045 (3d Cir. 1997). "First, it must appear that the right

allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "A state court defendant's claim that 'prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination' is insufficient for removal." *Colorado v. Lopez*, 919 F.2d 131, 132 (10th Cir. 1990) (quoting *Johnson*, 421 U.S. at 219)). Here, Mr. Ritz does not allege that he has been denied any rights based on his race.

"Second, it must appear . . . that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of [the] State.'" *Johnson*, 421 U.S. at 219 (quoting 28 U.S.C. § 1443(1)). The Supreme Court explained this requirement as follows:

> Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood, Miss., v. Peacock*, 384 U.S. 808, 828 (1966). This requirement must be supported by specific factual allegations. *See generally* 14A Charles Alan Wright et al., Federal Practice & Procedure § 3728 (2d ed.1985). Mr. Ritz has failed to provide the court with specific factual allegations regarding his inability to enforce his constitutional rights in the state court criminal prosecution. Therefore, removal pursuant to § 1443(1) is not appropriate.

Removal pursuant to 28 U.S.C. § 1443(2) also is not appropriate in this action. Mr. Ritz does not allege that he is either a federal officer or a person assisting a federal officer in the

4

performance of official duties providing for equal civil rights. *See City of Greenwood*, 384 U.S. at 824.

4.  *Section 1446 Procedural Prerequisites*

Section 1446 requires a notice of removal of a criminal prosecution to be filed no later than thirty days after the arraignment in the state court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant leave to file the notice at a later time. § 1446(c)(1). The record in this case shows that Mr. Ritz's arraignment in the state court case took place on November 19, 2007. (Doc. No. 12, Attach 2 at 3.) Mr. Ritz filed his Notice of Removal on May 13, 2008, nearly five months after the deadline set forth in § 1446 for filing a notice of removal. Furthermore, Mr. Ritz has failed to show good cause for his failure to file his notice of removal in a timely manner.

5.  *Motion for Attorney Fees and Costs*

Plaintiff People of the State of Colorado has moved for attorney fees and costs pursuant to § 1447(c), which states that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. In support of its motion, Plaintiff provides an Affidavit of Jennifer R. Knudsen, attesting that the requested cost for legal services in the amount of $3,470.28 is reasonable based on attorney and paralegal work performed. (Doc. No. 16, Attach. 2, ¶ 5.)

The Supreme Court has held that absent unusual circumstances, attorney's fees should not be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, where no

5

objectively reasonable basis exists, fees should be awarded." *Id.* A plaintiff's delay in seeking remand may affect the decision to award attorney's fees. *Id.* The Bill of Costs and Attorney Fees submitted with the Affidavit of Jennifer R. Knudsen itemizes costs and fees beginning on May 15, 2008, two days after the filing of Mr. Ritz's Notice of Removal. (Doc. No. 16, Attach. 3.) This court finds all of the costs and fees submitted by Plaintiff were incurred as a result of the removal, and, therefore, recommends an award of costs and fees in the amount of $3,470.28.

WHEREFORE, for the foregoing reasons, this court respectfully

RECOMMENDS that Plaintiff's "Motion to Remand" (Doc. No. 14) be GRANTED and that this action be remanded summarily to the state court. *See* 28 U.S.C. § 1446(c)(4). This court also

RECOMMENDS that the "Motion for Attorney Fees & Costs" (Doc. No. 16) be GRANTED and that Plaintiff People of the State of Colorado be awarded $3,470.28 in costs and fees under 28 U.S.C. 1447(c). This court further

ORDERS that the "Motion to Strike Response to Plaintiffs (sic) 'Motion for Remand'" (Doc. No. 30) is DENIED as moot.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d

1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 9th day of September, 2008

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge