IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00993–REB–KMT

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

DAVID D. RITZ,

    Defendant.

---

## ORDER

---

This matter is before the court on Defendant's "Demand for Magistrate Tafoya to Remove Herself from the Case for Showing Bias and Prejudice" (Doc. No. 43, filed September 17, 2008); "Demand Court Order the Lower Court to Correct its Errors and Reinstate the Bond Until This Court Reaches a Decision" (Doc. No. 44, filed September 17, 2008); and "Demand for Plaintiff's Motion to Remand and the Motion for Attorney's Fees be Denied for Lack of Conferral" (Doc. No. 45, filed September 17, 2008).

On September 9, 2008, this court issued its recommendation that Plaintiff's motion to remand and motion for attorney fees and costs be granted. (Doc. No. 42.) Mr. Ritz now requests that Plaintiff's motion to remand and the motion for attorney fees be denied for Plaintiff's failure to confer under local rule 7.1A, which states:

> The court will not consider any motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the moving party or a pro se party, before filing the motion, has conferred or made reasonable, good-faith efforts to confer with opposing counsel or a pro se party to resolve the disputed matter.

D.C.Colo.LCivR 7.1A. "The purpose of Rule 7.1A is to require the parties to confer and to attempt to resolve a dispute before incurring the expense of filing a motion and before requiring the court to address a disputed issue." *Qwest Corp. v. New Access Comm. LLC*, 2004 U.S. Dist. LEXIS 28525, at *15 (D. Colo. Mar. 31, 2004) (quoting *Hoelzel v. First Select Corp.*, 214 F.R.D. 634, 635 (D. Colo. 2003)). Motions under Federal Rules of Civil Procedure 12 and 56 are expressly exempted from the scope of Rule 7.1A. However, a motion for remand based on lack of jurisdiction is essentially a motion to dismiss under Rule 12. *See Tolliver v. True*, 2007 WL 2909393, at *2 (D. Colo. Sept. 28, 2007); *Qwest*, 2004 U.S. Dist. LEXIS 28525, at *16. Therefore, compliance with D.C.COLO.LCivR 7.1A is not required for a motion for remand. Furthermore, given the court's independent obligation to determine whether subject matter jurisdiction exists, it was appropriate to address Plaintiff's assertions that this court lacks subject matter jurisdiction. *See Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006))); *Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1366 (10th Cir. 1982) ("Any federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the

proceeding, and the court is not bound by the acts or pleadings of the parties." (citations omitted)). Therefore, Mr. Ritz's "Demand for Plaintiff's Motion to Remand and the Motion for Attorney's Fees be Denied for Lack of Conferral" (Doc. No. 45) is DENIED.

To the extent Mr. Ritz contends that I should recuse myself because I am biased toward the plaintiff, the "Demand for Magistrate Tafoya to Remove Herself from the Case for Showing Bias and Prejudice" (Doc. No. 43) is DENIED. Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge shall disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Mr. Ritz specifically takes issue with my prior rulings against him in this case. However,

> judicial rulings alone almost never constitute valid basis for a bias or partiality motion. In and of themselves, (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance on an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved . . . . Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). The test for recusal is an objective one. *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993). Moreover, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is." *Hinman v. Rogers*, 831 F.2d, 937, 939 (10th Cir. 1987). Having examined this case and the rulings made therein, I find no reason why my impartiality might objectively or reasonably be questioned in this case.

"Demand Court Order the Lower Court to Correct its Errors and Reinstate the Bond Until This Court Reaches a Decision" (Doc. No. 44) is DENIED, as the court has already determined this case should be remanded to state court for lack of jurisdiction.

Dated this 10th day of October, 2008

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge